UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN R. SHEPHERD, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:13-cv-01278-JMS-DKL |
| | ) | |
| OLYMPUS CORPORATION OF THE AMERICAS | ) | |
| and GYRUS ACMI, INC., | ) | |
| *Defendants.* | ) | |

## ORDER

On August 12, 2013, Defendants Olympus Corporation of the Americas ("Olympus") and Gyrus Acmi, Inc. ("Gyrus") filed a Notice of Removal asserting that this Court has diversity jurisdiction over this matter.  [Dkt. 1.]  On August 14, 2013, the Court issued an Order requiring the parties to file a joint jurisdictional statement, or separate jurisdictional statements, which addressed the parties' citizenship and whether the amount in controversy exceeded $75,000, exclusive of interest and costs.  [Dkt. 8.]

The parties filed separate jurisdictional statements on August 22, 2013.  [Dkt. 16; 17.] While they all agree that Mr. Shepherd is an Indiana citizen, Olympus is a New York corporation with its principal place of business in Pennsylvania, and Gyrus is a Delaware corporation with its principal place of business in Massachusetts, they have differing views on the amount in controversy.  Specifically, Olympus and Gyrus state that the amount in controversy requirement is met because: (1) Mr. Shepherd alleges that he has suffered damages in excess of $75,000 in connection with his breach of contract claim, [dkt. 16 at 2]; and (2) Mr. Shepherd alleges that in connection with his Indiana Wage Payment Act ("IWPA") claim, he is entitled to allegedly unpaid commissions and bonus payments, and "liquidated damages for the failure to have allegedly made those payments equal to 10% of the amount due to him for 'each day that the amount due

to him remains unpaid,'" [*id.* at 3]. Olympus and Gyrus assert that based on Mr. Shepherd's al-
legations in connection with the IWPA claim alone, the amount in controversy exceeds $75,000,
exclusive of interest and costs. They point to the 2009 Commission Plan attached to Mr. Shep-
herd's Complaint, [dkt. 1-1 at 33-40], which shows that Mr. Shepherd could potentially be enti-
tled to $14,550 per month in commissions for the one-year time period from April 1, 2009
through March 31, 2010, [*id.* at 39]. This, they argue, would yield potential damages of
$174,600 in commissions alone, which far exceeds the $75,000 jurisdictional threshold without
even factoring in Mr. Shepherd's claim for liquidated damages or the fact that Mr. Shepherd
seeks such commissions for a total five years. [Dkt. 16 at 4.] Olympus and Gyrus detail addi-
tional potential bonus payments listed in the 2009 Commission Plan, which would raise the
$174,600 total even higher. [*Id.*]

For his part, Mr. Shepherd explains that he originally filed this lawsuit, or a nearly identi-
cal lawsuit, on June 24, 2013 in this Court, but that he voluntarily dismissed the lawsuit when the
Court requested clarification regarding some jurisdictional concerns – including the amount in
controversy – and he "concluded that [he] could not present evidence sufficient to satisfy the
more stringent standard of proof required to establish diversity jurisdiction." [Dkt. 17 at 1-2.]
Mr. Shepherd states that "[b]ased on the factual information presently available to [him]…[he]
remain[s] unable to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a) by a
preponderance of the evidence." [*Id.* at 3.]

In *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006), the Seventh Circuit Court of
Appeals explained the standard for meeting the amount-in-controversy requirement in cases re-
moved to federal court: "[T]he amount in controversy is the amount required to satisfy the plain-
tiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit

was removed." *Id.* at 510 (citations omitted).  In general, the proponent of jurisdiction has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met.  *Id.*  Evidence that may permit a defendant to arrive at a good faith estimate of the amount in controversy may take several forms, including "contentions inter-rogatories or admissions in state court;…calculation from the complaint's allega-tions;…reference to the plaintiff's informal estimates or settlement demands; or…affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's de-mands." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (citations omitted).  "Once the defendant in a removal case has established the requisite amount in contro-versy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana*, 472 F.3d at 511 (citations omitted).

After reviewing the parties' jurisdictional statements and the Complaint's allegations, the Court finds that Olympus and Gyrus have shown by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.  In connec-tion with his IWPA claim, Mr. Shepherd seeks commissions he alleges were due him for 2008 through 2012, "and possibly before."  [Dkt. 1-1 at 16, ¶ 38.]  As support for his allegation, he provides copies of Compensation Agreements, [dkts. 1-1 at 19-47], which – as Olympus and Gy-rus point out – indicate that the potential commission he could have earned just from April 1, 2009 to March 31, 2010 was $174,600 ($14,500 for twelve months), [*id.* at 39].  This figure does not even include the other years for which Mr. Shepherd seeks unpaid commissions, nor the liq-uidated damages he seeks, [*see id.* at 17, ¶¶ 40, 44].

Mr. Shepherd does not argue that the amount in controversy does *not* exceed $75,000, but merely states that the amount in controversy is uncertain.  But "uncertainty about…whether

damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal" for lack of diversity jurisdiction. *Meridian Sec. Ins. Co.*, 441 F.3d at 543.  In light of Mr. Shepherd's Complaint and the estimate supporting his allegations of damages, and without any evidence rebutting the allegation, it cannot be said with legal certainty that Olympus's and Gyrus's potential liability does not exceed $75,000.

Accordingly, the Court finds that Olympus and Gyrus have established that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that it can exercise diversity jurisdiction over this matter at this time.  *Id.*  ("Only if it is 'legally certain' that the recovery…will be less than the jurisdictional floor may the case be dismissed").

08/23/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

A. Richard Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Sarah E. Bouchard
MORGAN LEWIS & BOCKIUS LLP
sbouchard@morganlewis.com

Thomas F. Hurka
MORGAN LEWIS & BOCKIUS
thurka@morganlewis.com

Allison N. Suflas
MORGAN LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-5001

Ryan John Vershay
LEWIS WAGNER LLP
rvershay@lewiswagner.com